UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUAN CARLOS PEÑA,<br><br>    Plaintiff,<br><br>v.<br><br>C-MART SUPERMARKET, INC.,<br>C-MART SUPERMARKET II, INC.,<br>and MIAO KUN FANG,<br><br>    Defendants. | 04CV10361 JLT<br><br>Civ. A. No. _____<br>MAGISTRATE JUDGE<br><br>**JURY TRIAL DEMANDED** |

### Complaint

1. Plaintiff Juan Carlos Peña ("Peña") brings this action to recover unpaid wages, including overtime wages, for work he performed for defendants C-mart Supermarket, Inc., C-mart Supermarket II, Inc., and Miao Kun Fang. During the time period discussed herein, Peña regularly worked six days per week for ten hours a day. Throughout his entire tenure as Defendants' employee, Peña was never paid the required minimum wage under Massachusetts law or any overtime compensation as required under both federal and Massachusetts law. In addition, Defendants failed to keep adequate payroll records under both federal and Massachusetts law, and failed to issue pay slips or check stubs in compliance with Massachusetts law. Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

### Jurisdiction and Venue

2. This court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

3. Defendants have their principal place of business in this district, and are therefore subject to personal jurisdiction here.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b), because the Defendants reside in and are subject to personal jurisdiction in this district.

5. This Court has jurisdiction over Counts II, III and IV pursuant to 28 U.S.C. § 1367(a).

## Parties

6. Plaintiff Peña is a resident of East Boston, Massachusetts.

7. Between approximately August 10, 2003 and November, 11, 2003 ("Relevant Time Period"), Peña was employed by Defendants primarily to perform light construction work and related services in the C-mart Supermarket on Washington Street in Boston, Massachusetts.

8. Defendants are located in or reside in Boston, Massachusetts. Defendant Miao Kun Fang is the president and clerk of both C-mart Supermarket, Inc. and C-mart Supermarket II, Inc.

9. Defendants regularly transacted business in this district during the Relevant Time Period.

10. During the Relevant Time Period, Defendants were employers and enterprises engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act, 29 U.S.C. § 203 (and administrative regulations interpreting the act); and, employers subject to the Massachusetts wage and hour laws (and administrative regulations interpreting those laws), specifically including the laws referenced in Counts II, III and IV of this Complaint. As a result, during the Relevant

Time Period, Defendants were required to compensate Peña in accordance with the requirements imposed on employers by those laws.

### Allegations

11. Plaintiff was not a salaried employee.

12. Plaintiff was paid $60 a day for an ten-hour workday. Accordingly, his hourly rate of pay was $6.00. This was seventy five cents an hour lower than the required minimum wage under Massachusetts law.

13. Plaintiff typically worked a sixty hour workweek (six days a week, 10 hours per day) during the Relevant Time Period.

14. Plaintiff was not paid time and one half his hourly rate of pay, or time and one half the minimum wage, for hours worked in excess of forty during his workweek.

15. Plaintiff was never paid all wages due to him within seven days of the termination of the pay period during which those wages were earned.

16. To this day, Plaintiff has not been paid all wages he is owed for hours worked during the Relevant Time Period.

17. Plaintiff did not receive check stubs from Defendants that showed the name of the employer, the number of hours worked, the hourly rate paid, and the amounts of deductions or increases made for the pay period.

18. Upon information and belief, Defendants did not keep payroll records containing all information required by law, including: (1) the Plaintiff's name as used for social security record keeping purposes (or identifying employee symbol or number if the name is not used in such records); (2) the Plaintiff's home address including zip code; (3) the time of day and day of the week on which Plaintiff's workweek began; (4) Plaintiff's

regularly hourly rate of pay for any workweek in which overtime compensation was due; (5) Plaintiff's hours worked on each workday and the total hours number of hours worked by Plaintiff in each workweek; (6) Plaintiff's total daily or weekly straight time earnings due for hours worked during Plaintiff's workday or workweek; (7) Plaintiff's total premium pay for overtime hours worked; (8) the total additions to or deductions from wages paid to Plaintiff for each pay period; and, (9) total wages paid each pay period to Plaintiff, and the dates of those payments, and the dates of the pay periods covered by those payments.

## Count I – Fair Labor Standards Act Overtime Claim

19. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-18 above.

20. By their conduct as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate for hours worked in excess of forty hours during a workweek.

21. The Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

22. Plaintiff has been damaged by said violations of 29 U.S.C. §207(a).

23. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## Count II – Massachusetts Law Overtime Claim

24. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-23 above.

25. By their conduct as set forth herein, Defendants violated M.G.L. c. 151, §§ 1A and 1B, by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate, and/or time and one-half the minimum wage, for all hours worked in excess of forty during any workweek.

26. The Defendants' violations of M.G.L. c. 151, §§ 1A and 1B, were repeated, willful and intentional.

27. Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B.

28. Pursuant to M.G.L. c. 151, §§ 1A and 1B, Defendants are liable to the Plaintiff for treble damages, plus costs and reasonable attorneys' fees.

## Count III -- Massachusetts Law Minimum Wage Claim

29. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-28 above.

30. Pursuant to M.G.L c. 149, § 150, the Attorney General has assented in writing to the commencement of this action.

31. By their conduct as set forth herein, the Defendants violated M.G.L. c. 151, §§ 19-20, by failing to pay Plaintiff the minimum hourly wage.

32. The Defendants' violations of M.G.L. c. 151, §§ 19-20, were repeated, willful and intentional.

33. Plaintiff has been damaged by said violations of M.G.L. c. 151 §§ 19-20.

34. Pursuant to M.G.L. c. 149, §150 and c. 151, §§ 19-20, Defendants are liable to Plaintiff for treble damages, plus costs and reasonable attorneys' fees.

### Count IV – Massachusetts Law Timely Payment of Wages Claim

35. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 34 above.

36. Pursuant to M.G.L c. 149, § 150, the Attorney General has assented in writing to the commencement of this action.

37. By their conduct as set forth herein, the Defendants violated M.G.L. c. 149, §148 by failing to pay Plaintiff all wages earned within seven days of the termination of the pay period during which those wages were earned.

38. Defendants' violations of M.G.L. c. 149, § 148 were repeated, willful and intentional.

39. Plaintiff has been damaged by said violations of M.G.L. c. 149, §148.

40. Pursuant to M.G.L. c. 149, § 150 and § 148, Defendants are liable for treble damages, plus costs and reasonable attorneys' fees.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA, 29 U.S.C. §§ 207 *et seq.*, and award those damages against the Defendants in favor of Plaintiff, including liquidated damages.

B. Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 151 §§ 1A and 1B, and award those damages against the Defendants and in

favor of Plaintiff, including treble damages for uncompensated overtime and prejudgment interest.

C. Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 151 §§ 19-20, and award those damages against the Defendants and in favor of Plaintiff, including treble damages and prejudgment interest.

D. Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 149, § 148, and award those damages against the Defendants and in favor of Plaintiff, including treble damages for uncompensated wages and prejudgment interest.

E. Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

F. Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

By his Attorneys,

Todd Heyman (BBO # 643804)
SHAPIRO HABER & URMY LLP
75 State Street
Boston, MA 02109
(617) 439-3939