UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUAN CARLOS PENA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>C-MART SUPERMARKET, INC., )<br>et. al., )<br>)<br>Defendants. )<br>) | Civ. A. No. 04-10361-JLT |

## DECLARATION OF TODD S. HEYMAN
## IN SUPPORT OF SETTLEMENT AGREEMENT

I hereby state under the penalties of perjury:

1. I am counsel for the Plaintiff in the above-captioned matter.

2. By examination of all relevant documents with the Plaintiff, I have estimated that the Plaintiff's maximum potential recovery of single damages in this action would be one thousand, four hundred and eighty-six dollars and thirty cents ($1,486.30). However, recovery of this amount turns on the Plaintiff's ability to satisfy his burden to prove he worked the hours he claims. The Defendants contest Plaintiff's allegations concerning the number of hours worked and, if this Agreement is not approved by the Court, the trier of fact would resolve the question.

3. Under federal law, the Plaintiff could recover double any award of single damages if the Defendants cannot show that any violation of the Fair Labor Standards Act was a good faith error. Whether Defendants could make this showing would also be an issue for the trier of fact if this Agreement is not approved by the Court.

4. Under Massachusetts law, the Plaintiff could recover triple any award of single damages if the Plaintiff can demonstrate that the Defendants' failure to properly compensate the Plaintiff was willful. This is also an issue contested by the Defendants that would be resolved by the trier of fact if this Agreement is not approved by the Court.

5. Under the Settlement Agreement, a copy of which is attached hereto as Exhibit A, Plaintiff will receive two thousand seven hundred and five dollars and forty-eight cents ($2,705.48), which is one thousand two-hundred and nineteen dollars and eighteen cents ($1,219.18) more than the Plaintiff's maximum estimated single damages.

6. Accordingly, taking into account the costs and risks of continued litigation, the Agreement represents a fair and just resolution of the action.

7. Under the Agreement, Plaintiff's counsel would receive reimbursement for out of pocket costs as of the date of the Agreement which total $441.78, and one third of the remainder of the settlement proceeds as compensation for the legal services provided to the Plaintiff which is $1352.74.

8. The attorney's fees incurred as of the date of this Agreement (as calculated using the lodestar method) are $1,715.00, which is $362.26 less than the amount to be paid to Plaintiff's Counsel under the Agreement. These calculations do not take into account the fees and costs incurred in preparing the Agreement and the accompanying pleadings to obtain Court approval of the Agreement.

Sworn to under the penalties of perjury on this 17th day of May, 2004:

_____
Todd S. Heyman, Esq.

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL-HAND-FAX ON 5/18/04